IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHY JO PUMPHREY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 11-472 |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 2nd day of January, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). The Court notes, however, that Plaintiff attempts to clarify the record in regard to documents that were presented to the Appeals Council, but that were not considered by the ALJ in issuing his February 24, 2010 opinion. The Court first notes that the administrative transcript does contain Exhibit 21, which appears in the record to be identical to the Exhibit 21 which Plaintiff attaches to her brief. The confusion seems to come from the fact that this exhibit was improperly described in the Appeals Council exhibit list. (R. 4). However, the transcript index properly identifies and describes Exhibit 21, and the correct exhibit appears in the record under that exhibit number.

In any event, it is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Accordingly, the Court cannot rely on these documents in making its determination here. However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Here, though, Plaintiff does not request a remand based on new evidence.

Regardless, although Plaintiff has not specifically asked this Court for a remand based on new evidence, even if she had, the Court would deny the request because Plaintiff has failed to meet her burden to prove that such a remand is warranted. To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

The Court will assume that the records from Dr. Sheila Burick from November 19, 2009 to July 26, 2010 in Exhibit 21 contain new information (although there is

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 6) is DENIED and defendant's Motion for Summary Judgment (document No. 8) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf: Counsel of record

---

some overlap with Exhibit 20), as they contain, for the most part, information that post-dates the ALJ's decision. Nonetheless, even if this information is new, it is not material. Nothing in the records submitted to the Appeals Council sets forth any additional occupational limitations or suggests any significant adverse change in Plaintiff's impairments. To the contrary, Dr. Burick's notes indicate that Plaintiff, subsequent to her hearing before the ALJ, had gastric bypass surgery and that she had lost approximately 80 pounds. (R. 371-79). This demonstrates that Plaintiff's condition actually improved since the ALJ's decision, particularly in light of the fact that Plaintiff herself has indicated that doctors told her that her pain was due to her weight. (R. 54, 196). Regardless, even if these records did show a deterioration in Plaintiff's condition, there is no indication that the records relate back to the period prior to the ALJ's decision. See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."); Rainey v. Astrue, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012); Harkins v. Astrue, 2011 WL 778403, at *1 n.1 (W.D. Pa. Mar. 1, 2011).

    As to the letter from counsel that Plaintiff asks the Court to consider, it has no bearing on whether Plaintiff is disabled. Therefore, there is no reasonable possibility that any of the material now submitted by Plaintiff would have changed the outcome of the determination, and remand is not warranted based on this evidence.

    Accordingly, for all of the above reasons, a new evidence remand is not warranted, and the ALJ's decision is affirmed.